UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. S

2009 APR 20  A II: 22

John Alan Miller, # 161975,           )  **C/A No. 2:09-0967-JFA-RSC**
                                      )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )  **Report and Recommendation**
                                      )
South Carolina Department of Probation, )
Parole and Pardon Services;           )
Larry Davis,                          )
                                      )
                                      )
                    Defendants.       )

## *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution, which is located in Lancaster County, South Carolina.[1] The plaintiff has submitted a § 1983 complaint on forms promulgated by a federal district court outside the District of South Carolina. He has named as defendants the South Carolina Department of Probation Parole and Pardon Services and one of its employees.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of a probation

---

[1] The Kershaw Correctional Institution and the Town of Kershaw are located in Lancaster County, not Kershaw County. *See* 1977 S.C. Attorney General Opinion No. 77-376 (Nov. 30, 1977)(noting that portions of the Town of Kershaw, then located in Kershaw County, would be annexed into Lancaster County), *reported at* 1977 S.C. AG LEXIS 68, 1977 WL 24713.

violation proceeding held before the Honorable John C. Hayes, South Carolina Circuit Judge, on June 18, 2008, in the Court of General Sessions for York County. Larry Davis — who is an employee of the South Carolina Department of Probation, Parole, and Pardon Services — "served as Representative of the State in this trial." (Complaint [Entry No. 1], at page 3). The plaintiff alleges that defendant Davis lied at the probation violation proceeding by stating that he (Mr. Davis) had in his possession an e-mail stating that the plaintiff had refused to go to rehabilitation programs. In his prayer for relief, the plaintiff seeks: *(1)* compensatory damages of $5,000 for slander, defamation of character, libel, malicious intent, mental anguish, duress, and reckless endangerment; *(2)* $2,500,000 in punitive damages; *(3)* removal of a "drug-related insinuation" from his record; *(4)* another $2,500,000 for malicious prosecution; and *(5)* court costs and attorney's fees.

## Discussion

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

---

[3] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Probation, Parole, and Pardon Services is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Since the plaintiff is serving a sentence on a probation revocation entered in the Court of General Sessions for York County in 2008, this case is also subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). See also Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995), affirmed, 87 F.3d 108 (3rd Cir. 1995).

Until the plaintiff's sentence and conviction on the probation revocation are set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in Heck v. Humphrey. Sufka v.

*Minnesota*, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

In this civil rights action, the plaintiff cannot obtain damages for defamation, slander, or libel. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records — such as judicial proceedings, case reports, published cases, investigative reports, or arrest records — do not give rise to liability for slander or libel. *See Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356-59 (1827); and *Padgett v. Sun News*, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). *See also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, *Medico v. Time, Inc.*, 643 F.2d 134, 137-140 (3rd

Cir. 1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime group; *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and *Lee v. Dong-A Ilbo*, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989).

The plaintiff is not entitled to attorney's fees in this case. A *pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The South Carolina Department of Probation, Parole, and Pardon Services is immune from suit under the Eleventh Amendment. Since the plaintiff seeks monetary damages from it, the above-captioned case is encompassed by 28 U.S.C. § 1915A. Hence, I also recommend that the above-captioned case be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

April 20, 2009
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).